**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUL 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ADAM COREY WILLIAMS,

           Plaintiff-Appellant,

  v.

MICHAEL BASKETT, Sergeant,

           Defendant-Appellee,

 and

CITY OF SALEM, Oregon; et al.,

           Defendants.

No.    22-35054

D.C. No. 6:19-cv-00069-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted June 14, 2023
Portland, Oregon

Before: TALLMAN, RAWLINSON, and SUNG, Circuit Judges.

     Adam Corey Williams appeals the district court's grant of summary judgment

to Salem, Oregon, Police Sergeant Michael Baskett. Williams filed suit under 42

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

U.S.C. § 1983 alleging that Baskett violated his Fourth Amendment rights by using excessive force during Williams' 2017 arrest. Specifically, Williams alleges Baskett used excessive force by: (1) ramming Williams' vehicle with his patrol car; (2) breaking the window of Williams' car and tasing him twice; and (3) pulling Williams through the broken car window and "slamming" him to the ground. The district court found Baskett's use of force was not excessive and also held that even if it was, Baskett was entitled to qualified immunity. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Here, we need not decide whether Baskett's use of force was excessive under *Graham v. Connor*, 490 U.S. 386 (1989), because Baskett did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *City of Tahlequah v. Bond*, 142 S. Ct. 9, 11 (2021) (per curiam) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).[1] A right may be clearly established by "'cases of controlling authority' in the plaintiff['s] jurisdiction at the time of the incident" or "a consensus of cases of persuasive authority" which show

---

[1] Williams asserts in a single sentence that Baskett is not entitled to qualified immunity because he failed to argue for qualified immunity in his motion for summary judgment. But the district court noted that "[a]t oral argument, both sides raised the issue of qualified immunity." And the district court addressed the parties' arguments, so the issue is properly before us. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Because the issue was expressly addressed and decided by the district court raised on appeal, and fully briefed by both parties, it is subject to review by this court.").

2

that "a reasonable officer could not have believed that his actions were lawful." *Evans v. Skolnik*, 997 F.3d 1060, 1066 (9th Cir. 2021) (quoting *Wilson v. Layne*, 526 U.S. 603, 617 (1999)). There need not be "a case directly on point" but "existing precedent must have placed the . . . constitutional question beyond debate." *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 7-8 (2021) (per curiam) (citation omitted). Because "specificity is especially important in the Fourth Amendment context," *Mullenix v. Luna*, 577 U.S. 7, 12 (2015), a prior decision does not "clearly establish" that force is excessive when the facts of that case are "materially distinguishable" from the case at hand.[2] *Rivas-Villegas*, 142 S. Ct. at 8.

Baskett did not violate Williams' clearly established rights when he stopped and disabled Williams' vehicle by ramming it and pushing it backwards. The parties' statements and photos from the collision scene show this was a low-speed collision which caused Williams no injury. Prior to stopping Williams, Baskett had been told by another officer that Williams: (1) was wanted for felony forgery and auto theft, (2) had been "seen with a real handgun about a week ago in which the tip has been painted orange," and (3) knew police were looking for him and was "likely" to flee. While Williams contends the ramming was a "severe" intrusion on his Fourth Amendment rights, he has not identified a factually similar case from our

---

[2] In an "obvious" case, law which is clearly established at a high level of generality may suffice. *Rivas-Villegas*, 142 S. Ct. at 8. But Williams does not argue this is an "obvious" case.

circuit or the Supreme Court which suggests this use of force was objectively unreasonable—much less a case clearly establishing as much.

Nor did Baskett violate clearly established law by breaking Williams' car window and shocking him with a Taser for between nine and fourteen seconds. Baskett tased Williams after Williams exited his vehicle, saw flashing red and blue lights, and heard Baskett shouting something about a "warrant." Williams told Baskett to "get the warrant" before getting back into his car, closing the door, and keeping his hands in view where Baskett could see he was not reaching for anything. A Taser deployment is an "intermediate, significant level of force." *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010). Williams argues that *Bryan*, 630 F.3d at 822, *Mattos v. Agarano*, 661 F.3d 433, 443, 445 (9th Cir. 2011) (en banc), and *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1094 (9th Cir. 2013), clearly established that Baskett's conduct was unlawful. But the plaintiffs in those cases were unarmed and committed either misdemeanors or no crime at all. *Bryan*, 680 F.3d at 828-29, 832; *Mattos*, 661 F.3d at 444, 449; *Gravelet-Blondin*, 728 F.3d at 1091. By contrast, Baskett reasonably believed that Williams had access to a firearm in the vehicle, and Williams was wanted for felonies. Those differences materially distinguish this case. *See Rivas-Villegas*, 142 S. Ct. at 8-9.

Finally, Baskett did not violate clearly established law by dragging Williams through the car window and "slamming" him to the ground, which aggravated a pre-

4

existing injury to Williams' hand. In *Coles v. Eagle*, 704 F.3d 624, 625-26 (9th Cir. 2012), we held that a jury could find officers used excessive force when a plaintiff suspected of auto theft alleged officers pulled him through a car window, threw him to the ground, and kicked him. But there are material differences between *Coles* and this case: the plaintiff in *Coles* "did not appear armed," did not resist arrest, and "was given conflicting orders" by the officers. *Id*. at 630. By contrast, Williams got back into his vehicle and closed the door after being told there was a warrant for his arrest, and Baskett reasonably believed Williams had access to a firearm in the vehicle. It therefore was not "beyond debate" that pulling Williams from the vehicle and slamming him to the ground was unconstitutional. *Rivas-Villegas*, 142 S. Ct. at 8 (citation omitted).

**AFFIRMED.**